HALLIBURTON vs. JOHNSON, adm'r., etc.

1. NEW TRIAL: *Evidence.*

A motion for a new trial on the ground of newly discovered evidence, which does not show that due diligence has been used to obtain it, and is not supported by the affidavit of the witness or any other person, should be overruled.

2. ————, *Exclusion of Evidence.*

Where the court, after having received competent evidence, excludes it, a new trial should be granted.

APPEAL from *Arkansas* Circuit Court.

Hon. P. C. DOOLEY, Circuit Judge.

*Cockrell*, for appellant.

Court erred in excluding Halliburton's testimony even if inadmissible. *Johnson* v. *Ashley*, 7 Ark., 470; *Phelan* v. *Benham*, 9 ib., 389; 15 ib., 345; 18 ib., 392; 23 ib., 131. But it was admissible. Gantt's Digest, 90. The authority of the administrator could not be questioned after the judgment of the Probate Court, and this judgment shocks the sense of justice.

HARRISON, J.:

This was a suit brought by Catherine M. Price as administratrix *de bonis non* of John J. Johnson, deceased, against William H. Halliburton, on a sealed note or bond executed to her intestate by the defendant for $1,141.21, dated November 4th, 1858, and payable January 1st, 1860.

Catherine M. Price dying, administration *de bonis non* upon John J. Johnson's estate was granted to Joseph G. Johnson, and the suit was revived in his name as plaintiff.

In his answer the defendant claimed to have satisfied and discharged the note in the following manner. On the 12th day of December, 1859, Johnson and himself entered into the following written agreement:

"Memorandum of contract this day entered into between W. H. Halliburton and John J. Johnson, witnesseth: The said W. H. Halliburton has agreed to sell to the said John J. Johnson his interest, being one undivided half of the following described tract of land, to-wit: East half of the southeast quarter of section four, and the east half of the southwest quarter of section three, both in township five, south of range three west, for the sum of $1,500, payable as follows, to-wit: The said John J. Johnson is to discount whatever may be due him from the said W. H. Halliburton on note now in the hands of the said John

Halliburton vs. Johnson, adm'r, etc.

J. Johnson, and let the said W. H. Halliburton have such horses, mules, oxen and other cattle as the parties may agree to, out of the partnership stock belonging to said parties, and the balance, if any, is to be paid in one and two years from the closing of this contract, the deferred notes to draw interest at six per cent. from maturity.

In witness whereof the said parties have subscribed two contracts of equal date and tenor. Given under our hands this 12th day of December, A. D. 1859.

W. H. HALLIBURTON,<br>J. J. JOHNSON."

On the 17th day of January, 1861, after the death of Johnson, Catherine M. Johnson, his administratrix, and the defendant had an accounting or settlement of all outstanding claims and demands between her intestate and the defendant, including the note sued on, and there was found due from the estate to defendant the sum of $800, and for which sum he exhibited a claim against the estate, which the administratrix allowed.

The cause was submitted to the court sitting as a jury.

The contract between Johnson and the defendant was read in evidence, and the defendant, who was a witness in his own behalf, testified that the note sued on was the one referred to in the contract; that the settlement alleged in the answer was made, and at the time stated; that the note was embraced therein, but he could not tell why it was not taken up; that $800 was found due him from the estate for which he exhibited a claim against the estate, and which the administratrix allowed, and that he was afterwards paid the amount; that after he gave the note, he made advances to and on account of Johnson, which also were accounted for in the settlement; that Johnson was the owner of the other half of the land mentioned in the agreement, and was at the time of his death in possession of the land; but that he had never made a deed for the undivided half he contracted to

sell. And he proved by the record that the claim for $800 was presented to and classed by the Probate Court, and, in like manner, that the note was not in the inventory of the estate.

After the trial was closed, and the case had been under consideration from the 27th of February until the 14th of March, the court excluded that part of the evidence of the defendant that related to the settlement between him and the administratrix, and found for the plaintiff, the amount of principal and interest of the note.

The defendant filed a motion for a new trial which was overruled, and he appealed.

The exclusion of the evidence just referred to, and the discovery of new evidence after the trial, though there were others, are the only grounds of the motion for a new trial we need notice.

If, possibly, a case might arise where evidence already admitted might, after the case has been closed, be withdrawn from the jury or rejected by the court, without prejudice or injury, this clearly was not such—the evidence excluded plainly supporting the answer, and directly relative to the issue.

Though under the rules of the common law, that a covenant under seal not broken, cannot be discharged by a parol agreement, the contract between Johnson and the defendant of the 12th of December, 1859, twenty days before the maturity of the note, may not have had the effect to discharge the note, but there can be no question that it was discharged and extinguished by the satisfaction the administratrix received in the settlement with the defendant, which was approved and sanctioned by the Probate Court when it acted on and classed the claim based on the settlement.

An administrator *de bonis non* can claim only such goods, chattels and credits of his intestate as are unadministered and remain in specie and capable of being designated and distinguished as

the property of his intestate.    *Neale* v. *Hagthrop*, 3 Bland., 551;
2 Black. Com., 506.

No diligence whatever to procure evidence was shown by the
defendant on his application for a new trial, nor was it accompanied by the affidavit of the newly discovered witness, or any
other person.   He was not therefore, on the ground of newly
discovered evidence, entitled to a new trial.   Gantt's Digest,
secs. 4688, 4691.

But for the error above indicated, the motion for a new trial
should have been sustained; the judgment of the court below is
therefore reversed, and the cause remanded to it with instructions
to grant the defendant a new trial, and to proceed according to
law.